Tianyu Ju (State Bar Number: 323817)
Email: iris.ju@glacier.law
Glacier Law LLP
251 South Lake Ave Suite 910
Pasadena, California 91101
Telephone: 312.448.7772
Facsimile: 312.801.4587

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FVOAI INC d/b/a FVOAI INC, Shenzhen Jiaxin Electronic Technology Co., Ltd. d/b/a Weaty, <br><br> *Plaintiffs*, <br><br> v. <br><br> HYPERICE IP SUBCO, LLC, <br><br> *Defendant*. | Case No.: 8:24-cv-01317 <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

This is an action brought under the Declaratory Judgment Act by Plaintiffs FVOAI INC d/b/a FVOAI INC ("FVOAI"), Shenzhen Jiaxin Electronic Technology Co., Ltd. d/b/a Weaty ("WEATY") (collectively as "Plaintiffs"), against Defendant HYPERICE IP SUBCO, LLC ("HYPERICE"), claiming for patent non-

infringement of certain Massage Guns as defined herein ("Massage Guns"), invalidity against U.S. Patent No. 11,938,082 B1 ("'082 Patent"), and violation of California Unfair Competition Law Section 17200 (CAL. BUS. PROF & CODE §17200, et seq.). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiffs allege as follows:

## INTRODUCTION

1. Plaintiffs received several notifications from Amazon.com on June 11 and 12, 2024, stating that Plaintiffs' Massage Guns were removed because of the alleged infringement of the '082 Patent. Amazon notified Plaintiffs that it needs a court order stating that Plaintiffs are allowed to sell the removed products to reactivate their listings. Defendant's objectively baseless infringement complaint to Amazon has caused and continues to cause significant harm to Plaintiffs as the Massage Guns have been removed from Amazon as Plaintiffs will lose all associated good will in the listings, not to mention lost sales. The alleged infringement to Amazon is wholly without merit as the Plaintiffs' Massage Guns do not meet each and every limitation of any claim under the '082 Patent. Furthermore, the '082 Patent is invalid under 35 U.S.C. §§ 102, 103 and 112.

## NATURE OF THE ACTION

2. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States

Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continues to cause significant harm to Plaintiffs as the Massage Guns have been removed from Amazon through the enforcement of the '082 Patent.

3. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's U.S. Patent No. 11,478,082 is invalid under at least 35 U.S.C. §§ 102, 103 and 112.

4. This case is for unfair competition arising under California Business and Profession Code §§ 17200, §§ 17500, §§ 17535.

## **PARTIES**

5. Plaintiff FVOAI is a California Stock Corporation having a place of business at 2209 San Gabriel Blvd Ste. F, Rosemead, CA 91770.

6. Plaintiff WEATY is a foreign company organized under the laws of the People's Republic of China. WEATY maintains a place of business at Room 410, 4th Floor, Block A, Liutang Fengya Garden, No. 54 Jian'an 2nd Road, 77th District, Xixiang Street, Bao'an District, Shenzhen, Guangdong, China.

7. Upon information and belief, Defendant HYPERICE is a Delaware limited liability company with its principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618.

# JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

9. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff brings this action under the principle of pendent jurisdiction, to recover damages, costs of suit, and reasonable attorneys' fees, against Defendant for appropriate relief arising from Defendant's violation of California Business and Profession Code §§ 17200, §§ 17500, §§ 17535.

10. An actual case or controversy exists between the parties to this action. Defendant's actions have caused and continue to cause significant harm to Plaintiffs as the Massage Guns have been removed from Amazon through the enforcement of the '082 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

11. Venue is proper in this district pursuant to at least 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claim occurred in this District. At issue in this action is whether Plaintiffs commit acts of infringement in the United States and whether products made, sold, offered for sale, used and/or imported into the United Sates by Plaintiffs infringe the '082 Patent. Defendant has

its principal place of business in this District and the allegedly infringing activities have occurred in this District.

12. Furthermore, Personal jurisdiction and venue exist in this Court over Defendant as it is domiciled in this judicial district.

## **THE PLAINTIFFS' MASSAGE GUNS**

13. FVOAI sells the Massage Guns on Amazon under the storefront FVOAI INC which has earned a lifetime rating of 4.9 out of 5 stars. The FVOAI Massage Guns listings at issue are identified by ASIN Nos. B0BCHSHBFL and B0BC166Z67.

14. On or about June 11, 2024, FVOAI received a notification from Amazon. *See* Exhibit A. This notice informed FVOAI that Amazon removed FVOAI's listings, ASIN Nos. B0BCHSHBFL and B0BC166Z67, because of the alleged infringement of the '082 Patent. The Rights owner's name is HYPERICE and its email address is barnold@hyperice.com. *Id*.

15. WEATY sells the Massage Guns on Amazon under the storefront Weaty. The WEATY Massage Guns listings at issue are identified by ASIN Nos. B0BC1GS34Q and B0BC1DVHSD.

16. On or about June 12, 2024, WEATY received a notification from Amazon. *See* Exhibit B. This notice informed WEATY that Amazon removed WEATY's listings, ASIN Nos. B0BC1GS34Q and B0BC1DVHSD, because of the

1  alleged infringement of the '082 Patent. The Rights owner's name is HYPERICE
2  and its email address is barnold@hyperice.com. *Id.*

3   17.  The Amazon marketplace constitutes Plaintiffs' primary sales channel
4  into the United States. To remain competitive in the United States market for
5  Massage Guns, Plaintiffs need their products listed in the Amazon marketplace.
6  Amazon has removed Plaintiffs' Massage Guns from the marketplace, preventing
7  Plaintiffs from accessing their largest channel of trade because of Defendant's
8  infringement reports. Thus, Defendant's submission of Amazon infringement
9  reports has caused and continues to cause immediate and irreparable harm to
10 Plaintiffs.

## U.S. PATENT NO. 11,938,082 B1

12   18.  The face of the '082 Patent lists HYPERICE IP SUBCO, LLC, as the
13  applicant and assignee, attached as Exhibit C.

14   19.  The '082 Patent is entitled "Massage Device Having Variable Stroke
15  Length" and claims "A percussive massager comprising: [ ] drive mechanism that
16  controls a predetermined stroke length of the piston; and quick-connect system [ ] is
17  configured to have a proximal end of the first massaging head inserted into or
18  removed from the bore while the piston reciprocates the predeter- mined stroke
19  length at the first speed." *See* Exhibit C, at 9:64; 10: 4-11.

20. The '082 Patent was issued on March 26, 2024. The '082 Patent has two independent claims and sixteen dependent claims.

## COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '082 PATENT)

21. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

22. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the non-infringement of the '082 Patent by the Massage Guns, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

23. Plaintiffs' Massage Guns do not infringe any of the presumably valid claims of the '082 Patent, as the Massage Guns fail to meet one or more elements of the two independent claims 1 and 18 of the '082 Patent.

24. For example, the limitations of the '082 Patent, "a drive mechanism that controls a predetermined stroke length of the piston", *See* Exhibit C, at 10: 4-5, should be construed as a mechanism that includes at least a cam or cam-like adjustment mechanism to adjust the stroke length of the piston based on specific user needs after the massage device has been manufactured and before the user operates or uses the device. However, Plaintiffs' Massage Guns do not meet such a drive

mechanism that controls a predetermined stroke length of the piston, whether literally or under the doctrine of equivalents.

25. As another example, the limitations of claim 1 of the '082 Patent comprise "A percussive massager comprising: quick-connect system [ ] is configured to have a proximal end of the first massaging head inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed." *See* Exhibit C, at 9:64; 10: 4-11. Plaintiffs' Massage Guns do not meet such a quick-connect system, nor can it have the proximal end of the first massaging head inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed, whether literally or under the doctrine of equivalents. If the Plaintiffs' massage guns operate in the manner described in claim 1, it will lead to motor overload, which in turn can cause serious safety incidents such as explosions and fires. This is a prohibited unsafe behavior for the Plaintiffs' massage guns.

26. Thus, among other things, Plaintiffs' Massage Guns have entirely different structure and do not meet the limitation of claim 1 of the '082 Patent.

27. Likewise, since the sole independent claim 1 is not infringed, neither are dependent claims 2-17. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

28. Defendant's baseless infringement reports on the Amazon platform has caused imminent and real threat of an infringement lawsuit.

29. Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the Massage Guns do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '082 Patent.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '082 PATENT)

30. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

31. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendants concerning the validity of the '082 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

32. Claims 1-18 of the '082 Patent are invalid under 35 U.S.C. § 102 and/or § 103 at least in light of the prior art cited herein.

33. U.S. Patent No. 6,682,496 is entitled "Deep muscle stimulator device" to Pivaroff ("Pivaroff"). Pivaroff has an earliest effective filing date of December 28, 1999. A copy of Pivaroff is attached as Exhibit D.

34. U.S. Patent No. 5,134,777 is entitled "Adjustable stroke reciprocating mechanism for a power tool" to Meyer ("Meyer"). Meyer has an earliest effective filing date of December 5, 1991. A copy of Meyer is attached as Exhibit E.

35. U.S. Patent Publication No. 2008/0243039 is entitled "Oxygenating cosmetic instrument" to Rhoades ("Rhoades"). Rhoades has an application date of May 2, 2008. A copy of Rhoades is attached as Exhibit F.

36. U.S. Patent Publication No. 2015/0374576 is entitled "Self-Massage Device" to Dagan ("Dagan"). Dagan has an application date of Aug 27, 2015. A copy of Dagan is attached as Exhibit G.

37. For example, Claims 1 and 18 are rendered obvious over Pivaroff, Meyer, and Dagan/Rhoades under 35 U.S.C.§103 (with citations in the corresponding reference below):

    a. Pivaroff discloses a massager apparatus (Fig. 2, device 10) comprising: a housing (Fig. 2, body 12 and top element 16 form an overall "housing" for the device); a massaging head (mating head 44) having a proximal end; a handle (Fig. 2, handle 14); a piston having a proximal end and a distal end (Figs. 3-5, link 34 and rod 38 form a "piston." Link 34 is located at the proximal end of the piston and rod 38 is located at the distal end of the piston); a motor at least partially within the housing and operatively connected to the proximal end of the piston (Fig. 6, electrical motor 24 is mounted within the handle portion of the housing. Motor 24 is connected to the link 34 via elements 26, 28, 30, and 32), wherein the motor is configured to cause

the piston to reciprocate at a first speed (Col. 3, In. 44-47, discloses speeds between 2000 to 3600 RPM); and a releasable/detachable connector at the distal end of the piston, wherein the releasable connector is configured to connect to a first massaging head (Fig. 3, recessed opening 40 in rod 38 is threaded and forms a releasable connector for attaching a mating head 44); and a drive mechanism (Figs. 3-5, cam element 30 with finger 32) for converting the rotary motion of the motor into linear reciprocating motion. *See* Pivaroff's drawings below:



1     *See* Exhibit E.

2     b. Meyer disclosed such a drive mechanism that controls a predetermined stroke length of the piston. Specifically, Meyer disclosed a cam (Figs. 6a-7c, actuator plate 50, ring gear 42, and pin 40 form a cam) having a first rotational position that controls a predetermined stroke length of the piston to the minimum reciprocation stroke length (Figs. 6a-6b depict the actuator plate 50 and actuator lever 50c in a first rotational position for a minimum stroke length), a second rotational position that controls the predetermined stroke length of the piston to the maximum reciprocation stroke length (Figs. 7a-7b depict the actuator plate 50 and actuator lever 50c in a second rotational position for a maximum stroke length), and a plurality of intermediate rotational positions that control the predetermined stroke length of the piston to a plurality of intermediate stroke lengths between the minimum reciprocation stroke length and the maximum reciprocation stroke length (Col. 4, In. 45-54, discloses positioning the arm 50c in different intermediate positions to cause the pin 40 to move through intermediate elliptical paths). See Meyer's drawings below:



See Exhibit E.

c. Based on Meyer's teachings, a person of ordinary skill in the art would be motivated to utilize Meyer's cam (actuator plate 50, ring gear 42, and pin 40) to modify or replace the drive mechanism in Pivaroff. In this way, the modified Pivaroff would be able to control a predetermined stroke length of the piston. This would merely be a predictable use of the established function of Meyer's cam (changing the stroke length).

d. In addition, Rhoades discloses a massaging device (Fig. 4A, device 100) comprising a housing (Fig. 4A, handle portion 130 and head portions 120, 140 form a housing) having a quick release connector for attaching removable massage heads (Figs. 4A-4B, attachment heads 200 may be connected to the head portions 120/140 of the housing via a quick release connector). Rhoades discloses that these quick release connectors can be threaded mating or magnetic attractive force ([0061]). See Rhoades's drawings below:



**FIG. 4A**       **FIG. 4B**

See Exhibit F.

e. Therefore, it would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to replace the threaded connection between the massaging head and the piston of Pivaroff with a magnetic attractive force connection as taught by Rhoades.

f. For the Pivaroff-Meyer-Rhoades combination, a person of ordinary skill in the art would understand that the combination itself would inherently allow the user to perform the functions configured for the quick-connect system as claimed in claim 1.

g. Alternatively, Dagan also teaches a massaging device comprising a base (Fig. 21, arm 73a having a recess defined therein to house a securing magnet 72) and an attachment member that removably couples to the base via magnetic attraction (Fig. 21, stem 70 comprises a recess holding a magnet 74 to attract the magnet 72 of the arm 73a). Dagan also discloses such a magnetic attachment mechanism for body treatment members (Figs. 28-31, internal magnet 80; see [0056], which discloses internal magnet 80 magnetically coupling to a magnet within the main massage device body). *See* Dagan's drawings below:



FIG. 21

See Exhibit G.

h. Therefore, it would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the treatment member of Pivaroff (already modified by Meyer) to have a recess that holds a magnet for magnetic connection to a magnet in the distal end of the reciprocating shaft as taught by Dagan in order to provide a removable connection between the treatment member and the reciprocating shaft that is quick to connect and remove, yet strong during use of the device. it is understood by those skilled in the art that the Pivaroff-Meyer-Dagan combination, due to the presence of a magnetic coupling mechanism, will inherently enable the user to achieve/perform the action of securing the massage head during piston movement as recited in claim 1.

38. The claim 1 of the '082 Patent is also invalid pursuant to 35 U.S.C. § 112, due to the inclusion of both a product and a method in the same claim. Specifically, claim 1 includes both the quick-connect system and the user operations or actions using this quick-connect system to install/secure the massage head.

39. The additional/other limitations recited in claims 2-17 of the '082 patent remain obvious in the face of appropriate combinations of prior art and/or common general knowledge. These other prior art references include: U.S. Patent No. 8,083,699 (Colloca, attached as Exhibit H); U.S. Patent No. 6,432,072 (Harris, attached as Exhibit I); U.S. Patent No. 1,339,179 (Elmen, attached as Exhibit J).

40. Plaintiffs seek a declaratory judgment that claims 1-18 of the '082 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. § 102 and/or § 103, in light of the cited prior arts.

## COUNT II
## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW SECTION 17200 (CAL. BUS. PROF & CODE §17200, et seq.)

41. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

42. The California Unfair Competition Law ("UCL") prohibits acts of "unfair competition", including any "unlawful, unfair and fraudulent business act or practice". Cal. Bus. & Prof. Code § 17200.

43. Defendant's actions set forth herein constitute intentional business acts and practices that are unlawful, unfair, and fraudulent, including Defendant's complaints to Amazon and harassment to Plaintiff.

44. As demonstrated above, Defendant violated the Unfair Competition Law by sending false complaints to Amazon as to the alleged Plaintiff's infringement of Defendant's D'082 Patent.

45. Defendant will continue to cause confusion, mistake, and deception as to Plaintiffs' Massage Guns due to Defendant wrongfully accusing Plaintiffs' infringement of Defendant's D'082 Patent.

46. Plaintiffs directly compete with Defendant in the Massage Guns industry.

47. By reason of Defendant's acts of unfair competition, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendant from any further acts of unfair competition. Defendant's continuing acts of unfair competition, unless enjoined, will cause irreparable damage to Plaintiff in that there is no adequate remedy at law to compel Defendant to cease such acts, and no way to determine its losses proximately caused by such acts of Defendant. Plaintiff is therefore entitled to a preliminary injunction against further unlawful, and unfair conduct by Defendant.

48. As a direct and proximate result of Defendant's acts of unfair competition, Defendant has wrongfully taken Plaintiff's profits and sales, as well as its substantial investment of time, energy and money. Defendant should therefore disgorge all profits from the above conduct and further should be ordered to perform

full restitution to Plaintiffs as a consequence of Defendant's unlawful, unfair, and fraudulent activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. Preliminary and permanent injunctions ordering Defendants to withdraw all Amazon infringement complaints lodged against the Massage Guns based on the '082 Patent, and to refrain from lodging any further infringement complaints regarding the same.

B. A declaration that the Massage Guns do not infringe any of the claims of the '082 Patent;

C. A declaration that the claims of the '082 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. § 102 and/or § 103, in light of the newly cited prior arts;

D. A finding that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

E. Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

F. Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

G. Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages.

H. Awarding pre- and post- judgment interest.

I. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Date: June 17, 2024

Respectfully submitted,
Glacier Law LLP

By: /s/ Tianyu Ju
Tianyu Ju, Esq.
iris.ju@glacier.law
Glacier Law LLP
251 South Lake Ave Suite 910
Pasadena, California 91101
Telephone: 312.448.7772
***Attorney for Plaintiffs***